## STATE of Arkansas *v.* Curtis RUSSELL

CR 80-229                                    ·611 S.W. 2d 518
Supreme Court of Arkansas
· Opinion delivered February 16, 1981

*Steve Clark*, Atty. Gen., for appellant.

*Jack Holt, Jr.*, for appellee.

STEELE HAYS, Justice. This interlocutory appeal by the state is the second time this case has been before us. Appellee Russell was tried on April 16 and 17, 1979, and convicted of first degree murder. A material witness for the state was unable to attend the trial due to illness, and the trial court permitted his video-taped deposition to be used in evidence, over the objection of the defendant. That conviction was reversed in *Russell* v. *State*, 269 Ark. 44, 598 S.W. 2d 96 (1980), for the reason that at the time of Russell's trial the law in Arkansas did not permit the use of a deposition by the state in criminal trials. That rule was changed by Act 1022 of 1979 [Ark. Stat. Ann. § 43-2011 (Supp. 1979)], but the act did not take effect until April 18, 1979, the day after Russell was tried.

Following remand, the state again sought to use the deposition, the witness having died, and moved for a pretrial ruling as to its admissibility. The trial court held that the deposition was not admisisble under the decision reached in the first appeal, notwithstanding the demise of the witness. The state brings this interlocutory appeal contending that the deposition was admissible.

We do not reach the appeal on its merits, as the order appealed from is not an appealable order, a jurisdictional requirement which the court itself may raise. *Alexander* v. *State*, 260 Ark. 785, 545 S.W. 2d 606 (1976).

Prior to the adoption of the Arkansas Rules of Criminal Procedure in 1976, the state had no right of interlocutory appeal. It could appeal only after judgment in conformance with § 329 of the Criminal Code (Ark. Stat. Ann. § 43-2720), now embodied in Rule 36.10. The state now has a statutory right to an interlocutory appeal in some instances, but under the Rules of Criminal Procedure the state may take an interlocutory appeal only with respect to an order prior to the commencement of trial granting a motion to suppress evidence alleged to be illegally seized, as provided in Rule 16.2(d). *State* v. *Glenn and Hamilton*, 267 Ark. 501, 592 S.W. 2d 116 (1980). The procedure for appeals by the state both interlocutory and after judgment, is governed by Rule 36.10.

The order here appealed from dealt only with the admissibility of evidence in the form of a deposition and not with the suppression of evidence and hence was not appealable.

Appeal dismissed.

Holt, J., not participating.