Wanda Lee TATE, Mother, and Robert Allen Tate, Father
of: Pee Wee, Bit, Kitty, Kay, Meme, Terra, Sandy, Bobby,
Buddy, and Unidentified Infant, Minor Children *v.* Debbie
SHARPE, of Arkansas Department of Human Services

89-101                                                777 S.W.2d 215

Supreme Court of Arkansas
Opinion delivered October 9, 1989
[Rehearing denied November 6, 1989.]

*Peter DeStefano*, for appellants.

*William J. Velek,* Arkansas Department of Human Services, for appellee.

JACK HOLT, JR., Chief Justice. The appellants, Robert and Wanda Tate, attempt to appeal from an interlocutory order of the Newton County Probate Court (Juvenile Division). Since the order is not appealable, we dismiss their appeal.

In March 1988, the Department of Human Services initiated an investigation of a report of possible educational neglect of the Tate's children. Wanda Tate refused a representative of Human Services entry into her home, was uncooperative, acted suspiciously, and answered questions evasively. The representative saw a young child, whom he described as being in "poor" condition, in the backyard of the home. Subsequently, the representative filed a sworn petition in the juvenile division of probate court for order of investigation pursuant to Ark. Code Ann. § 12-12-508 (1987) of the Arkansas Child Abuse Reporting Act [Ark. Code Ann. §§ 12-12-501—12-12-516 (1987)].

The court granted the petition on March 24, 1988, finding that the information contained in the petition provided probable cause to believe there may be abuse or neglect of the Tate children. The court ordered the Tates to provide Human Services with access to the children and themselves for interview and to the home for a full investigation of said reports and verification of the identity of all residents.

Thereafter, a representative of Human Services, accompanied by two deputy sheriffs, again attempted a home visit. The Tate family was not at home. After conducting a search of the home pursuant to a search warrant, the men travelled to a neighbor's property where it was believed the Tates might be. They found the Tates parked in the woods in an old pickup truck with a camper shell on it. An undetermined number of children were inside the truck.

Mr. Tate got out of the truck. He immediately became hostile and refused to release any information concerning the children. As the men were talking to Mr. Tate, Mrs. Tate drove

off. When it became apparent that the deputies would have to injure Mr. Tate in order to get him to cooperate, they allowed him to walk away.

After two more unsuccessful attempts to investigate, Human Services filed a motion for contempt due to the Tates' refusal to comply with the court's previous order. In response, the court by order of September 24, 1988, found, in part, that the facts presented in the petition for order of investigation provided reasonable cause to suspect that a child had been subjected to abuse or neglect and, therefore, its previous order of March 24, 1988, granting the petition was valid and continuing.

Additionally, the court ordered the Tates to deliver the children to the office of the Ozark Legal Services on October 3, 1988, to be interviewed by the guardian ad litem; the hearing on the petition to be continued until October 4, 1988; and ordered Mr. Tate to appear on that date to show cause why he should not be held in contempt. From this interlocutory order, the Tates' appeal alleging jurisdiction lies in this court pursuant to Ark. Sup. Ct. R. 29(1)(k) and Ark. R. App. P. 2(a)(6) in that the order grants and continues an injunction.

■■ Our rules of appellate procedure provide that a party can only appeal from a final order of a circuit, chancery, or probate court. Ark. R. App. P. 2. However, Ark. R. App. P. 2(a)(6) allows a party to appeal from an interlocutory order "by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused."

The probate court's order of September 24, 1988, as abstracted by the appellants, is so incomplete and inadequate that it is extremely difficult for us to ascertain the nature of the order. Notwithstanding, we examine the record and find that the order does not grant or continue an injunction.

■■ An injunction is a command by a court to a person to do or refrain from doing a particular act. It is mandatory when it commands a person to do a specific act, or prohibitory when it commands him to refrain from doing a specific act. C. Jacobson, *Arkansas Chancery Practice* § 68 (1940). *See also Springdale Board of Education v. Bowman*, 294 Ark. 66, 740 S.W.2d 909

(1987); Ark. R. Civ. P. 65(e); Ark. Code Ann. § 16-113-101 (1987). An injunction may be preliminary, interlocutory, or permanent. Ark. R. Civ. P. 65(e).

The order before us does not grant or continue a prohibitory injunction in that appellants are not commanded to refrain from doing a specific act. The order does command Mr. and Mrs. Tate to participate in and perform certain acts. For example, it directs Mr. Tate to show cause why he should not be held in contempt of court and commands the Tates to bring the children to the office of Ozark Legal Services. However, the mere fact that a trial court orders something to be done in the progress of a case does not make that order a mandatory injunction. *O'Malley* v. *Chrysler Corporation*, 160 F.2d 35 (7th Cir. 1947).

All court orders are mandatory in the sense that they are to be obeyed, but not all orders are mandatory injunctions. *Id.* To be a mandatory injunction, the order must be based upon equitable grounds to justify the use of the extraordinary powers of equity, such as irreparable harm and no adequate remedy at law. *Id.* In addition, the order must determine issues in the complaint, not merely aid in the determination of such issues. *Id.*

In *O'Malley, supra*, the court held that an order imposing a burden on the defendant to compute time spent by its employees on its premises was not an interlocutory mandatory injunction. In *Union Oil Co.* v. *Reconstruction Oil Co.*, 4 Cal. 2d 541, 51 P.2d 81 (1935), the court held that an order requiring the defendants to permit examination of their property and prohibiting defendants from interfering with the carrying out of the order, was not a mandatory or prohibitory injunction. Likewise, the order before us does not grant any sort of injunction.

In conclusion, the probate court's order was obviously intended to aid in the determination of the issues raised in the complaint, nothing more. This order is not appealable under Ark. R. App. P. 2(a)(6).

Appeal dismissed.

HICKMAN, J., concurs. Would affirm the trial court under Rule 9.