STATE of Arkansas *v.* David Crockett STUART

CR 91-38 810 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered June 11, 1991

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Appellant*, pro se.

ROBERT H. DUDLEY, Justice. The State seeks to have this interlocutory appeal decided pursuant to A.R.Cr.P. Rule 36.10. We dismiss the appeal for lack of jurisdiction.

On October 29, 1988, Latonya Harris, a deaf and mute sixteen-year-old school girl, was kidnapped from a school playground in Malvern and taken to some nearby woods where she was raped. In the course of the investigation the police took the blouse which the victim had been wearing and submitted it to the State Crime Laboratory for analysis. On it, the laboratory found a blood stain and a semen stain. On April 16, 1990, after a year and a half of detailed police work, appellee was arrested and charged with the crimes. He employed Dan Harmon as his attorney. At the time Harmon was a candidate for Prosecuting Attorney of the judicial district in which the crimes took place. In April 1990, with appellee's consent, the police took a blood sample from him and, also by consent, submitted it to the Federal Bureau of Investigation for deoxyribonucleic acid (DNA) analysis and comparison with the stains found on the blouse. A part of the procedure for DNA analysis involves autoradiography, which is the recording of the radioactive material within the object being examined on a photographic plate, or radiograph.

In May 1990, appellee's attorney became the nominee of the Democratic party for Prosecuting Attorney of the district. The nomination was tantamount to election, and thus, appellee's attorney would be expected to assume the prosecutor's office on January 1, 1991. As a result, both the incumbent prosecutor and appellee's attorney sought to have appellee's trial concluded before January 1.

On August 2, 1990, the prosecutor anticipated that the

DNA analysis would be completed in about two months and asked the trial court to set a trial date. Accordingly, appellee's attorney employed an expert witness to compare the FBI laboratory's DNA analysis with accepted scientific standards. On August 8, the trial court set November 2 as the discovery limitation date and set December 3 as the trial date. The trial court subsequently extended the discovery date to November 22. On November 13, the prosecutor received the result of the DNA analysis which provided "the probability of selecting an unrelated individual at random from the Caucasian population having a profile matching K-2 [appellee's blood sample] is approximately one in six million."

Appellee's attorney asked the prosecutor for the autoradiographs in order for the appellee's expert to examine them. Apparently, the FBI would not release the materials to the appellee's expert until the prosecutor authorized it to do so. In the meantime, the trial court had rescheduled the trial for December 27. On December 14, the FBI sent by telefacsimile thirty (30) pages of the supporting information to the defense expert, but it was not fully legible and could not be interpreted. The expert stated that without legible material, and some additional related materials from the State Crime Laboratory, he could not be prepared to testify on December 27. As a result, on December 17, the appellee's attorney filed a motion to suppress any evidence about the DNA analysis. On that same day the autoradiographs were supplied to the expert but that did not leave him with sufficient time to complete a critique of the FBI's analysis. On December 18, the trial court held a hearing on the motion to suppress the results of the DNA analysis. The State asked for a continuance in preference to a suppression of the DNA analysis.

A continuance was not acceptable to appellee because his counsel, Harmon, was to assume the office of Prosecuting Attorney January 1, 1991, and, consequently, would no longer be able to represent him. The trial court granted the motion to suppress and ordered the case to trial on December 27. The State gave notice of this interlocutory appeal pursuant to A.R.Cr.P. Rule 36.10. We do not reach the merits of the State's appeal because the order from which it is brought is not appealable, a jurisdictional prerequisite which we raise. *State v. Russell*, 271 Ark. 817, 611 S.W.2d 518 (1981).

The procedure for appeals by the State in criminal cases is governed by Rule 36.10. Prior to the adoption of the Arkansas Rules of Criminal Procedure, the State had no right to bring an interlocutory appeal. *State* v. *Russell, supra.* A.R.Cr.P. Rule 36.10 provides in pertinent part:

> (a) An interlocutory appeal on behalf of the state may be taken *only* from a pretrial order in a felony prosecution which (1) grants a motion *under Rule 16.2 to suppress seized evidence* or (2) suppresses a defendant's confession.

(Emphasis added.) The Rule clearly limits the instances in which the State may bring an interlocutory appeal to the two (2) specified situations, neither of which is present here. An order suppressing a confession is clearly not involved; neither is an order granting a motion *under Rule 16.2* to suppress seized evidence.

A.R.Cr.P. Rule 16.2 provides in pertinent part:

> (a) Objection to the use of any evidence, *on the grounds that it was illegally obtained*, shall be made by a motion to suppress evidence. The phrase "objection to the use of any evidence, on the grounds that it was illegally obtained," shall include but is not limited to evidence which:

> [There follows a list of five (5) examples of illegally obtained evidence.]

(Emphasis added.) Here, the evidence at issue, a DNA test analysis, was not excluded because it was illegally obtained. Rather, the trial court excluded it because it determined that there was not enough time remaining before the scheduled trial for the expert defense witness to adequately evaluate the State's evidence. In balancing the interests of the appellee against those of the State, the trial court determined that the appellee's interest in having his case tried quickly and by the attorney of his choice outweighed the State's interest in presenting the highly probative evidence. Thus, the exclusion of evidence was more closely akin to an exclusion under A.R.Cr.P. Rule 19.7, which provides that a trial court may prohibit the introduction of evidence if it was not properly provided in discovery.

Accordingly, the attempted interlocutory appeal is not brought pursuant to A.R.Cr.P. Rule 36.10, and we are without jurisdiction to hear this appeal.

Appeal dismissed.