Lawrence BUTLER, Nathaniel Thomas, and James Ellison
*v.* STATE of Arkansas

CR 92-879                                      842 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered December 21, 1992

*McArthur & Finklestein*, by: *William C. McArthur*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellants purport to bring this interlocutory appeal under Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure giving this court jurisdiction under Ark. Sup. Ct. R. 29(1)(k). We dismiss for lack of an appealable order.

Appellants Lawrence Butler, James Henry Ellison, and Nathaniel Thomas were charged by information in Pulaski County Circuit Court with three counts each of Capital Murder in violation of Ark. Code Ann. § 5-10-101 (1987). The information alleged that on February 19, 1992, they feloniously, with the premeditated and deliberated purpose of causing the death of another person, caused the deaths of Cyrus Lee, Sabrina Earl and Marcus Johnson. Appellants have remained incarcerated since they were arrested.

On June 22, 1992, the prosecuting attorney's office appeared ex parte before the Honorable Floyd J. Lofton, Pulaski County Circuit Judge, and orally moved that appellants submit to the extraction of pubic hair, blood and saliva. The court signed an order on that date requiring the appellants to submit to a physical examination for the collection of samples of appellants' pubic hair, blood and saliva.

On June 23, 1992, Nathaniel Thomas filed a motion to set aside the order of June 22nd alleging there had been no showing of probable cause for the intrusive search of his person and that reasonable notice of the time and place for his appearance was not given by the prosecuting attorney.

A probable cause hearing was held with all parties and their attorneys present. The prosecuting attorney's office again made an oral motion to the Honorable Chris Piazza, Circuit Judge. No witnesses were presented. The court ordered that all three appellants submit to a physical examination for the collection of samples of appellants' blood and saliva for testing and comparison with items of clothing, floor coverings, weapons, and other physical evidence secured from the scene of the homicides.

Appellants brought this interlocutory appeal by filing a Notice of Appeal on July 7, 1992. They claim that there was no showing of probable cause for the court's order.

Appellants do not challenge the trial court's authority to order the taking of body fluid samples pursuant to Ark. R. Crim.

P. 18.1(a)(vii). This rule reads in part:

> (a) Notwithstanding the initiation of judicial pro-
> ceedings, and subject to constitutional limitations, a judi-
> cial officer may require the defendant to:

> (vii) permit the taking of samples of his blood, hair
> and other materials of his body which involve no unreason-
> able intrusion thereof;

> (b) Whenever the personal appearance of the defend-
> ant is required for the foregoing purposes, reasonable
> notice of the time and place of such appearance shall be
> given by the prosecuting attorney to the defendant and his
> counsel. . . .

Instead, appellants challenge the lack of procedure and the lack of evidence preceding the order in this case. They contend the discovery provided by the State showed no reasonable or probable cause to order the taking of body samples. They also claim the reason offered by the State at the hearing was insufficient, i.e., that the FBI had requested samples of the blood of all accused prior to its testing of the evidence.

■ This court has no jurisdiction to hear this interlocutory appeal. A defendant does not have any general right to an interlocutory appeal in criminal cases. The appealability of a circuit court's order is governed by Ark. R. App. P. 2(a), which requires a final judgment or decree or one which, in effect, discontinues or determines the action and prevents a judgment from which an appeal might be taken. *See Ellis* v. *State*, 302 Ark. 596, 791 S.W.2d 370 (1990). Rule 2(a) contains no provision which permits an interlocutory appeal from an order entered by a circuit court during pretrial procedures.

■ The State may bring an interlocutory appeal in two circumstances. Under Rule 36.10 of the Arkansas Rules of Criminal Procedure, an interlocutory appeal is allowed only when the order (1) grants a motion under Rule 16.2 to suppress seized evidence or (2) suppresses a defendant's confession. *See State* v. *Russell*, 271 Ark. 817, 611 S.W.2d 518 (1981); *State* v. *Glenn and Hamilton*, 267 Ark. 501, 592 S.W.2d 116 (1980). In *State* v. *Stuart*, 306 Ark. 24, 810 S.W.2d 939 (1991), the court dismissed an interlocutory appeal by the State from an order suppressing

evidence because such an order was not appealable under A.R.Cr.P. Rule 36.10. No provision exists in the Rules of Criminal Procedure for such an appeal by a defendant.

■ In order to appeal, a defendant must first be convicted of a crime. Rule 36.1 of the Arkansas Rules of Criminal Procedure states that "any person convicted of a misdemeanor or a felony by virtue of trial in any circuit court of this state has the right to appeal to the Arkansas Court of Appeals or to the Supreme Court of Arkansas." The jurisdiction of the Arkansas Supreme Court is limited to appellate jurisdiction only. *Weston* v. *State*, 265 Ark. 58, 576 S.W.2d 705, *cert. denied*, 444 U.S. 965 (1979). In *Weston*, the court stated that an appeal attacking the defendant's indictment will not lie at this stage in the proceeding in the absence of a final order of the trial court settling some issue against him or finding him guilty of some offense. In the present case, the appellants have not been convicted and have no right to appeal at this point.

■■ Appellants contend the order is comparable to a mandatory injunction, which is appealable. Ark. R. App. P. 2(a)(6). The argument is without merit. An injunction is a command by a court to a person to do or refrain from doing a particular act; it is mandatory when it commands a person to do a specific act, and prohibitory when it commands him/her to refrain from doing a specific act. *Tate* v. *Sharpe*, 300 Ark. 126, 777 S.W.2d 215 (1989). In *Tate*, the court stated that in order for an injunction to be mandatory, the order must be based upon equitable grounds to justify the use of extraordinary powers of equity, such as irreparable harm and no adequate remedy at law, and the order must determine issues in the complaint, not merely aid in the determination of such issues. Also, an injunction is an equitable remedy over which a chancery court has jurisdiction. *Manitowac Remanufactuirng, Inc.* v. *Vocque*, 307 Ark. 271, 819 S.W.2d 275 (1991). Because the Pulaski County Circuit Court issued the order in a proceeding not equitable in nature, the order does not qualify as a mandatory injunction.

For the reasons stated, the appeal is dismissed.

HOLT, C. J., not participating.