STATE of Arkansas *v.* John BOSTICK

CR 93-314                                     856 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered June 28, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Thomas D. Deen*, for appellee.

ROBERT H. DUDLEY, Justice. The Lake Village Municipal Court dismissed a misdemeanor charge pending against appellee Bostick. The dismissal was premised on the lack of a speedy trial. The State attempted to appeal to the Circuit Court of Chicot County. The circuit court ruled that it did not have jurisdiction to hear such an appeal by the State. The State now appeals to this court. We affirm the ruling of the circuit court.

The State acknowledges that there is neither statutory nor case authority to support its argument, but contends that Article 7, Section 14 of the Constitution of Arkansas gives it the right of appeal. The State further contends that all enabling legislation or court rules that limit the State's unqualified right of appeal are in violation of the constitutional provision.

Article 7, Section 14, in the material part, provides: "The circuit courts shall exercise a superintending control and appellate jurisdiction over . . . corporation courts." "Appellate jurisdiction" is not defined in the constitution. The section does not affirmatively provide that any party has an absolute right to appeal, and it is not self-executing. It does not provide whether appellate jurisdiction is de novo or by review of a record. If the State were allowed a de novo appeal it could put on entirely new proof in the circuit court, and if it were allowed an appeal to

review the record, the circuit court would have to be given the power to reverse and remand for retrial.

The drafters of the constitution did not define the term "appellate jurisdiction" because they anticipated the use of enabling legislation. Such legislation had been in effect under each of the four previous constitutions, and was in effect at the time of the adoption of our present constitution of 1874. *See Levy v. Lychinski,* 8 Ark. 113 (1845), *overruled on other grounds by Carnall* v. *Crawford County,* 11 Ark. 604 (1851); *see also* Ark. Code Ann. §§ 16-91-112 & 16-91-118 (1987), enabling statutes that were parts of the criminal code of 1869 and in effect at the time of the adoption of the present constitution. (*See* Russell v. State, 271 Ark. 817, 611 S.W.2d 518 (1981), as to supersession of these statutes).

The present constitution must be construed in context of the law in existence at the time of its adoption. In a similar case construing "appellate jurisdiction" of this court under the constitution of 1836, we said the term "appellate jurisdiction" was not specifically defined, and "therefore the whole appellate power and jurisdiction of the Supreme Court is made by the constitution itself to depend upon the law as it stood when the constitution was adopted; subject, however, to such alterations as the legislature should from time to time prescribe by law." *State* v. *Graham,* 1 Ark. 428, 430 (1839). Only eighteen years after our present state constitution was adopted, the Supreme Court of the United States said: "It is settled by an overwhelming weight of American authority, that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal, or upon the determination by the court of a question of law." *United States* v. *Sanges,* 144 U.S. 310, 312 (1892). An annotation states the common law as follows:

> Generally speaking, under the common law as understood and administered in this country, the state or United States had no right to an appeal or writ of error in criminal cases. It is apprehended that the reason for such a policy was built on the idea that, when the state in its sovereign capacity brought a citizen into its own tribunals, before its

own officers, and in obedience to its own processes, and lost, its avenging hand should be stayed except in unusual cases where the power to appeal was expressly conferred.

Annotation, *Right of prosecution to review of decision quashing or dismissing indictment, or sustaining demurrer thereto*, 92 A.L.R. 1137, 1137-38 (1934).

■ None of the four earlier state constitutions expressly provided for appeal by the State. Rather, appeal by the State was governed by enabling legislation. *See, e.g., State* v. *Withrow*, 47 Ark. 551, 2 S.W. 184 (1886). In summary, when the present constitution is read in light of the law as it existed in 1874, it is manifest that the term "appellate jurisdiction" was not further defined because enabling legislation was already in existence, and it was understood by all that the State could not appeal in the absence of legislation. Accordingly, we hold that Article 7, Section 14 is not self-executing, and it does not give the State an unqualified right of appeal from municipal court to circuit court.

Affirmed.