The Honorable Brent Davis Prosecuting Attorney Second Judicial District 1021 South Main Street Jonesboro, Arkansas 72401
Dear Mr. Davis:
This is in response to Deputy Prosecuting Attorney John Fogleman's request for an opinion on two unrelated questions. The first question pertains to the constitutionality of Act 863 of 1993, which is codified at A.C.A. §§ 5-65-301 to -311 (Repl. 1993) and is entitled the "Underage DUI Law." See A.C.A. § 5-65-301. In his correspondence, Mr. Fogleman indicates that there has been some discussion among defense attorneys that Act 863 may be violative of the equal protection clause under the theory that there is no rational basis for distinguishing between persons under the age of twenty-one and those over the age twenty-one. As such, Mr. Fogleman has asked for an opinion on this issue. Mr. Fogleman's second question is whether, in view of A.C.A. § 16-96-502, the state may appeal a decision of law by a municipal court or police court to the circuit court.
With respect to Mr. Fogleman's first question, it is my opinion that Act 863 of 1993 is not violative of the equal protection clause.
Act 863 of 1993 makes it unlawful (and punishable as provided therein) "for any underage person to operate or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage or similar intoxicant" and "for any underage person to operate or be in actual physical control of a motor vehicle if at that time there was one-fiftieth of one percent (0.02%) but less than one-tenth of one percent (0.10%) by weight of alcohol in the person's blood. . . ." Ark. Acts 1993, No. 863, § 3 (codified at A.C.A. § 5-65-303). For purposes of the act, "underage" means any person who is under the age of twenty-one (21) years old and therefore may not legally consume alcoholic beverages in Arkansas. Ark. Acts 1993, No. 863, § 2 (codified at A.C.A. §5-65-302(2)). It is this distinction, based upon age, to which Mr. Fogleman refers in his correspondence.
With respect to the constitutionality of Act 863 of 1993, it is important to note from the outset that "all legislation is presumed to be constitutionally valid and all doubt is resolved in favor of constitutionality." Beck v. State, 317 Ark. 154, 876 S.W.2d 561 (1994). This premise establishes a heavy burden on one who alleges unconstitutionality. The test or burden to be applied to a given statute is central to the analysis.
Under federal equal protection analysis, age is not considered a suspect classification, and, therefore, strict scrutiny does not apply. Gregoryv. Ashcroft, 501 U.S. 452, 111 S.Ct. 2395, 2406, 115 L.Ed.2d 410 (1991). In Weiss v. Walsh, 324 F. Supp. 75 (S.D.N.Y. 1971), aff'd, 461 F.2d 846
(2d Cir. 1972), cert denied, 409 U.S. 1129, 93 S.Ct 939, 35 L.Ed.2d 262
(1973), reh. denied, 410 U.S. 970, 93 S.Ct. 1439, 35 L.Ed.2d 706 (1973), the argument that age-based distinctions should be subjected to "strict scrutiny" was rejected, the court saying that age is a classification that cuts across racial, religious and economic lines and generally bears some relation to mental and physical capacity; it therefore is unlikely to be an invidious distinction. In Beck v. State, 317 Ark. 154,876 S.W.2d 561 (1994), the court held that if a classification exists in an Arkansas statute and that classification has a rational basis and is neither unreasonable nor arbitrary, the statute will not be struck down on equal protection grounds. This is an extremely lenient test and statutes are rarely struck down under it. In assessing whether a rational basis for a classification in a state statute exists, the court inHamilton v. Hamilton, 317 Ark. 572, 879 S.W.2d 416 (1994), citingStreight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983), held that:
 On an equal protection challenge to a statute, it is not our role to discover the actual basis for the legislation. Instead we are merely to consider whether any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives, so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose.
280 Ark. at 215.
In analyzing state statutes and policies, the federal courts have granted wide latitude to the states to deal with the "practical problems of government." Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153,1161, 25 L.Ed.2d 491 (1970). In Beck v. State, supra, citing Carney v.State, 305 Ark. 431, 808 S.W.2d 755 (1991), the court rejected an equal protection claim that a statute was unconstitutional in providing for the suspension of driver's licenses of persons under eighteen years of age who were convicted of drug or alcohol related offenses (while those older were not affected). In Carney the court noted that the "state's authority to supervise children is broader than that over similar actions by adults." 305 Ark. at 437. Carney also noted that other states have addressed this equal protection claim and held accordingly. See In reArthur W., 171 Cal. App. 3d 179, 217 Cal. Rptr. 183 (1985). In ArthurW., a seventeen-year-old raised an equal protection claim and contested a California statute which revoked a driver's license for one year for those under eighteen years of age upon a finding that the person was driving while intoxicated. The California Court of Appeals upheld the statute, observing that the rights of minors are not coextensive with those of adults when it comes to driving on public streets.
This same rationale may be applied to the situation in question. As noted above, the state's authority to supervise the conduct of children is broader than its power over similar actions by adults. The court inCarney stated ". . . we recognize that the General Assembly had to draw the line with accompanying penalties somewhere. Whether this line is drawn at age seventeen, eighteen, or twenty-one involves many factors including existing classifications under state law, which the General Assembly, no doubt, considered." The line drawn at age twenty-one in Act 863 is neither unreasonable nor arbitrary. The easy accessibility to alcohol, coupled with the underage driver's inexperience, poses a serious threat to other motorists, a threat which the legislature recognized in Act 863 of 1993, § 2(1) which states:
 "Influence" means being controlled or affected by the ingestion of an alcoholic beverage or similar intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are altered or diminished, even to the slightest scale, and the underage driver, therefore, due to inexperience and lack of skill, constitutes a danger of physical injury or death to himself and other motorists or pedestrians. . . . [Emphasis added.]
Thus, given the legislature's intent, the wide latitude granted to the states to deal with the practical problems of government and the State's broad enforcement authority over the actions of minors, it appears Act 863 does have a rational basis which will withstand a constitutional challenge.
It is therefore my opinion that Act 863 of 1993 does not constitute a violation of equal protection, in that there is a rational basis for distinguishing between persons under twenty-one (21) and those over twenty-one (21).
The second issue is whether the state may appeal a decision of law by a municipal court or police court to the circuit court, notwithstanding A.C.A. § 16-96-502 which appears to prohibit the state from appealing judgments of "justices' courts."
Section 16-96-502 of the Arkansas Code, discussing the appeal rights by the state to the circuit court, reads as follows: "The state shall have no right of appeal from judgments of justices' courts."
Initially, it must be determined if municipal and police courts are classified as "justices' courts." Although there is no express definition of "justices' courts," one can be inferred through a reading of the statutes. Title 16, Chapter 96 of the Arkansas Code governs proceedings in inferior courts. Subchapter 2 of Chapter 96 specifically deals with proceedings in justice of the peace courts. The term "justices' courts" is used in this subchapter in reference to justice of the peace courts. It appears the legislature's use of the term "justices' courts" is intended to refer to justice of the peace courts. Chapter 96 also distinguishes justice of the peace courts from municipal courts and police courts in A.C.A. § 16-96-501 where it reads "[a]ll persons convicted in anymunicipal, justice's of the peace, or city court . . ." and in A.C.A. §16-96-503 where it reads "[t]he court shall have appellate jurisdiction over the judgments of justices' courts, and of police and city courts.
. . ." [Emphasis added.] Therefore, A.C.A. § 16-96-502 applies only to justice of the peace courts and not to municipal and police courts.
Although the statute above is thus no bar to an appeal by the state, the Arkansas Supreme Court has held that the state has no unqualified right of appeal from municipal court to circuit court. State v. Bostick,313 Ark. 596, 856 S.W.2d 12 (1993). The court cited with approval an annotation stating that the state's right to appeal in such criminal cases must be expressly conferred. I have found no statute expressly conferring this right from municipal to circuit court. Neither have I found any statute conferring the right with regard to police courts. In fact, A.C.A. § 16-18-107, in conjunction with § 16-96-502, appears to prohibit such appeals. It is thus my opinion that the answer to your second question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:TKS/cyh