ARKANSAS DEPARTMENT of HUMAN SERVICES, Division of Child Care and Early Childhood Education *v.* Sandra HUDSON, d/b/a Toddlers Inn Day Care

99-256                                        991 S.W.2d 605

Supreme Court of Arkansas
Opinion delivered June 10, 1999

*Frank J. Wills, III,* for appellant.

No response.

P ER CURIAM. On May 13, 1998, the Arkansas Department of Human Services (DHS) revoked Sandra Hudson's child-care license, and Hudson appealed that decision to the circuit court, which stayed the DHS decision pursuant to Ark. Code Ann. § 25-15-212(c) (Repl. 1996) of the Arkansas Administrative Procedure Act. *See* Ark. Code Ann. §§ 25-15-201 to 214 (Repl. 1996 and Supp. 1997). Section 25-15-212(c), in relevant part, provides "the filing of the petition does not automatically stay enforcement of the agency decision, but the . . . reviewing court may do so upon such terms as may be just." After 120 days expired from the entry of the circuit court's stay order, DHS moved to vacate the order under Ark. Code Ann. § 20-78-206(d) (Supp. 1997) of the Child Care Facility Licensing Act which provides that if the reviewing court does not issue its findings within 120 days of the issuance of the court's stay order, the stay shall be considered vacated.

The circuit court filed no findings within the 120-day period, and instead, the trial court entered a second stay order. Contending that the circuit court's second stay order violates § 20-78-206(d) and that the stay should be vacated, DHS seeks an interlocutory appeal under Supreme Court Rule 1-2(a)(3) and Rule 2(a)(6) of the Rules of Appellate Procedure — Civil because the appeal involves an injunction.

■ DHS fails to denote how, for appeal purposes, a "stay order" is the equivalent of an injunction. In fact, while Rule 2(a)(6) allows a party to appeal from an interlocutory order "by which an injunction is granted, continued, modified, refused, or dissolved or by which an application to dissolve or modify an injunction is refused," a trial court's order is not appealable if it is merely intended to aid in the determination of the issues raised in the complaint and nothing more. *Tate v. Sharp,* 300 Ark. 126, 777 S.W.2d 215 (1989). Here, the circuit court's stay order is not an injunction, but even if it were, the order appears to have been entered to aid in the determination of the issues pending below.

■ We accept jurisdiction of this case to permit DHS and Hudson to brief whether the stay order issued by the circuit court

is an appealable order under the appellate rules relied on by DHS. The clerk of this court will expedite this case and promptly schedule dates for the filing of briefs by the parties.