ARKANSAS DEPARTMENT of HUMAN SERVICES;
Division of Child Care and Early Childhood Education *v.*
Sandra HUDSON

99-256                                           994 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered July 15, 1999

*Frank J. Wills, III*, for appellant.

*J. Hudson Shepard*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The Department of Human Services, Division of Child Care and Early Childhood Education ("DHS"), attempts to appeal from an order by the Boone County Circuit Court which stayed the agency's

decision to revoke appellee Sandra Hudson's child-care license. We previously summarized the facts of this case as follows:

> On May 13, 1998, the Arkansas Department of Human Services (DHS) revoked Sandra Hudson's child-care license, and Hudson appealed that decision to the circuit court, which stayed the DHS decision pursuant to Ark. Code Ann. § 25-15-212(c) (Repl. 1996) of the Arkansas Administrative Procedure Act. See Ark. Code Ann. §§ 25-15-201 to 214 (Repl. 1996 and Supp. 1997). Section 25-15-212(c), in relevant part, provides "the filing of the petition does not automatically stay enforcement of the agency decision, but the . . . reviewing court may do so upon such terms as may be just." After 120 days expired from the entry of the circuit court's stay order, DHS moved to vacate the order under Ark. Code Ann. § 20-78-206(d) (Supp. 1997) of the Child Care Facility Licensing Act, which provides that if the reviewing court does not issue its findings within 120 days of the issuance of the court's stay order, the stay shall be considered vacated.
>
> The circuit court filed no findings within the 120-day period, and instead, the trial court entered a second stay order. Contending that the circuit court's second stay order violates § 20-78-206(d) and that the stay should be vacated, DHS seeks an interlocutory appeal under Supreme Court Rule 1-2(a)(3) and Rule 2(a)(6) of the Rules of Appellate Procedure—Civil because the appeal involves an injunction.

*Arkansas Department of Human Serv. v. Hudson*, 338 Ark. 123, 991 S.W.2d 605 (1999). We accepted jurisdiction of this case to allow the parties to brief the issue of whether the stay order issued by the circuit court is an appealable order under the appellate rules relied on by DHS. Although the record lodged in this appeal reflects that the administrative transcript was filed with the circuit court on July 15, 1998, there is no indication that the trial court has entered an order on the merits of this case. Because we hold that the second stay order is not an injunction for purposes of a direct appeal, we dismiss the appeal.

Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure— Civil allows a party to appeal from an interlocutory order "by which an injunction is granted, continued, modified, refused, or

dissolved or by which an application to dissolve or modify an injunction is refused." DHS asserts that the issuance of the second stay in contravention of § 20-78-206 is equivalent to an injunction because it orders DHS to refrain from doing a specific act, namely enforcing its order that Sandra Hudson cease and desist from operating her child-care facility. We disagree.

■ ■ An injunction is a command by a court to a person to do or refrain from doing a particular act. *See Tate v. Sharpe*, 300 Ark. 126, 777 S.W.2d 215 (1989); C. Jacobson, *Arkansas Chancery Practice* 68 (1940). It is mandatory when it commands a person to do a specific act, or prohibitory when it commands him to refrain from doing a specific act. *Tate, supra.* The mere fact that a trial court orders something to be done in the progress of a case does not make that order a mandatory injunction. *Tate, supra; Butler v. State*, 311 Ark. 334, 842 S.W.2d 434 (1992). To be injunctive, the order must determine issues presented in the complaint, not merely aid in the determination of such issues. *Tate, supra; Butler, supra.*

■ We have previously declined to hold that a preliminary order which does not finally resolve or determine any part of the action is equivalent to an injunction for purposes of appeal. *See Tate, supra; Butler, supra; Stephens v. Stephens*, 306 Ark. 59, 810 S.W.2d 946 (1991). We again decline to do so here. The second stay order, like the first, determines none of the issues presented in Mrs. Hudson's appeal to the circuit court, a clear prerequisite for establishing the presence of an injunction under our case law. *Tate, supra; Butler, supra.* While the record does not reflect why Mrs. Hudson's appeal to the circuit court has not been addressed in a timely manner, we cannot agree that the second stay order amounts to an injunction for purposes of direct appeal.

Appeal dismissed.