William S. WARREN, Jr., and Rebecca K. Warren *v.* Douglas Wayne KELSO d/b/a The Kelso Firm; Burney Whitfield and Meyers Realty Company; and John W. Jacobs and Shirley Jacobs

98-1540                                          3 S.W.2d 302

Supreme Court of Arkansas
Opinion delivered October 28, 1999

*Brown, Schwander, Greene & Sloan, P.L.C.*, by: *L. Howard Schwander, III*, for appellants.

*D. Scott Hickam*; *Don M. Schnipper*; and *Richard H. Wooton*, for appellees.

ROBERT L. BROWN, Justice. Appellants William S. Warren and Rebecca K. Warren appeal the taxing of certain costs by the trial court pursuant to Ark. R. Civ. P. 41(d), after the

Warrens exercised their right to take a voluntary dismissal under Ark. R. Civ. P. 41(a), and then filed a second action involving the same parties and the same causes of action. Specifically, the Warrens contend that the second action was not vexatious or based on improper motives. They, additionally, contest the expenses which the trial court awarded as costs. Because the Warrens have not appealed from a final order under Ark. R. App. P. Civil 2 or obtained a certification from the trial court under Ark. R. Civ. P. 54(b), we dismiss the appeal without prejudice for lack of finality.

The relevant facts are that the Warrens sued the appellees for breach of contract, negligence, and fraud relating to alleged structural and mechanical defects in their purchased home. Appellee Kelso then filed third-party complaints against certain subcontractors. The case was tried to a jury for two days, and after the trial court disallowed the testimony of the Warrens' expert witnesses on damages, the Warrens moved for a voluntary dismissal under Rule 41(a). The voluntary dismissal was granted. Less than two months later, the Warrens filed a second action involving the same parties and causes of action. The appellees sought an award of the costs they incurred in the first action, including attorney fees. The trial court excluded attorney fees and ordered the balance of the costs requested in the amount of $2,509. In the same order, the trial court stayed the Warrens' second action until the costs were paid. The Warrens paid the awarded amount of $2,509 into the Registry of the Court, and the trial court ordered the amount distributed to the appellees and lifted the stay. This appeal followed.

The appellees contest the propriety of this appeal and charge that the trial court's order for costs and a stay does not fall within any of the categories of appealable matters set out under Ark. R. App. P. Civil 2. The Warrens counter that the trial court's order is final on the issue of costs under Rule 41(d). Moreover, they claim that the trial court's stay of their second action pending payment of the costs is an interlocutory order for an injunction, which is appealable under Ark. R. App. P. Civil 2(a)(6).

We address the claim that the stay equates to an injunction under Rule 2(a)(6) first. In *Arkansas Department of Human Ser. v. Hudson*, 338 Ark. 442, 994 S.W.2d 488 (1999), the Department of Human Services appealed a trial court's second stay of its decision

to revoke the appellee's child-care license. We held that the second stay order was not an injunction for purposes of appeal and distinguished a procedural stay from an injunction as follows:

> An injunction is a command by a court to a person to do or refrain from doing a particular act. *See Tate v. Sharpe*, 300 Ark. 126, 777 S.W.2d 215 (1989); C. Jacobson, ARKANSAS CHANCERY PRACTICE 68 (1940). It is mandatory when it commands a person to do a specific act, or prohibitory when it commands him to refrain from doing a specific act. *Tate, supra.* The mere fact that a trial court orders something to be done in the progress of a case does not make that order a mandatory injunction. *Tate, supra; Butler v. State*, 311 Ark. 334, 842 S.W.2d 434 (1992). To be injunctive, the order must determine issues presented in the complaint, not merely aid in the determination of such issues. *Tate, supra; Butler, supra.*

338 Ark. at 444, 994 S.W.2d at 489. We concluded that the second stay order resolved none of the issues presented to the trial court, and we dismissed the appeal. The *Hudson* decision is clear that a stay of proceedings does not translate into an injunction.

We further disagree with the Warrens that the trial court's decision on the peripheral issue of costs under Rule 41(d) is the kind of final order contemplated by Ark. R. Civ. P. 2(a)(2). The Warrens maintain that their appeal may be taken under Rule 2(a)(1) because the order was final on costs or Rule 2(a)(2) because the order determined the action and prevented a judgment from which an appeal might be taken, or, alternatively, discontinued the action. They argue that after the trial court's order on costs and the stay, their options were (1) pay the costs imposed on them so that the second action could move forward, or (2) not pay the costs and be subject to contempt of court. Thus, because of the trial court's order, their case was discontinued in effect, and they were enjoined from proceeding to judgment.

Again, we disagree. In *Doe v. Union Pacific Railroad Co.*, 323 Ark. 237, 914 S.W.2d 312 (1996), we discussed Rule 2(a)(2) and said:

> We have interpreted this portion of Rule 2 to mean that, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to

the subject matter in controversy. The order must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the litigation or a separable part of it.

*Id.* at 240, 914 S.W.2d at 314; *see also Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999). We went on to hold that "[t]he [trial] court's ruling was on a preliminary matter, unconnected with the merits of the litigation. The order cannot be considered as ending a separable branch of the litigation." *Doe*, 323 Ark. at 240, 914 S.W.2d at 314. Similarly, the order awarding costs and the stay in the instant case are preliminary matters and did nothing to end the litigation or a separable part of it. The Warrens paid the amount for costs into the Registry of the Court, and the second complaint of the Warrens remains to be resolved.[1] We conclude that the order in the instant case is not final for purposes of Rule 2(a)(1) or Rule 2(a)(2).

Nor does the order for costs and the stay qualify for appeal under Ark. R. Civ. P. 54(b). It is obvious that the various claims for relief sought by the Warrens have not been resolved, and this court has a longstanding policy against piecemeal appeals. *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 974 S.W.2d 462 (1998); *Maroney v. City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994). The Warrens did move for a Rule 54(b) certification from the trial court that an appeal was warranted because there was no just reason for a delay, but they failed to pursue their motion and obtain the necessary certification. It was their obligation to do so, if they intended to rely on a Rule 54(b) certification to have jurisdiction in this court. The Warrens do contend in this regard that after thirty days had run from the date that their motion for a Rule 54(b) certification was filed, the motion was deemed denied by the trial court, and that amounts to a ruling on certification. That contention, however, is incorrect because only those motions set out in Ark. R. App. P. Civil 4(b)(1) are subject to the deemed–denied principle. A motion for a Rule 54(b) certification clearly does not qualify.

---

[1] This court recognizes that there is a mootness issue in this case, but we choose not to address it in light of the fact that we are dis missing this appeal without prejudice for lack of finality.

■ More importantly, an order for costs is not what is contemplated by Rule 54(b). That rule reads in pertinent part:

> When more than one *claim for relief* is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the *claims or parties* only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. (Emphasis added.)

A defendant's motion for costs under Rule 41(d) is not a claim for relief presented in an action as Rule 54(b) requires.

■ Appeal dismissed without prejudice.