Robert A. NORMAN *v.* Josephine A. NORMAN

99–1519                                    30 S.W.3d 83

Supreme Court of Arkansas
Opinion delivered October 26, 2000

*T. B. Patterson, Jr., P.A.*, for appellant.

*James A. McLarty, III*, for appellee.

L AVENSKI R. SMITH, Justice. Robert A. Norman ("Robert") appeals an order of the Garland County Chancery Court denying his motion seeking recovery of fees and expenses from attorney C. Burt Newell. Robert alleges the fees and expenses are litigation costs he incurred opposing Newell's representation of his ex-wife Josephine. In *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998) (*Norman I*), this court held Newell was disqualified to represent Josephine due to a conflict of interest. Following remand, Robert filed a "motion for judgment" directly against Newell. The trial court found that there was no action before it against Newell's law firm due to lack of service of process, that the relief sought was actually in the way of damages rather than attorney's fees, that the pleadings were insufficient, and that the plaintiff lacked standing. This case comes to us as a subsequent appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We dismiss the appeal.

*Facts*

The facts underlying the divorce and disqualification decision are stated in *Norman I* and are not germane to the issue presented in this appeal. Upon this court's remand for a new trial, Robert filed a "motion for judgment for incurred expenses" on September 1, 1998. Robert directed the motion against attorney Newell, and

sought a judgment directly against Newell and his firm for fees and expenses incurred in challenging Newell's representation of Josephine.

On September 17, 1998, Josephine filed a voluntary dismissal under Ark. R. Civ. P. 41. Thereafter on October 1, 1998, Robert directed discovery to Newell, which was followed by a motion to compel compliance with the discovery requests on November 5, 1998. A hearing was held on the motion to compel on November 23, 1998. The court ordered Newell to respond to the discovery individually and ordered the parties to brief the court on whether there was an action between Robert and Newell to allow a hearing on the motion. On December 8, 1998, Robert filed a renewed motion against Newell but did not change his allegations.

The trial court issued its ruling on July 12, 1999. The court found that an action was still pending before it because Josephine's voluntary dismissal motion had not been granted. However, as to Newell and his firm, the court found there was no cause of action between the firm and Robert. The court further noted that there was no showing that the firm had ever been named or served. The court further found that the motion sought damages, not fees, and that there was no standing for Robert to seek to have the fees charged by the firm to Josephine "disgorged." Robert appeals the court's order denying him fees and costs.

*Standard of Review*

We review chancery cases de novo on the record, but we do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Simmons First Bank v. Bob Callahan Servs., Inc.,* 340 Ark. 692, 13 S.W.3d 570 (2000); *Myrick v. Myrick,* 339 Ark. 1, 2 S.W.3d 60 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* Similarly, we review issues of statutory construction de novo, as it is for this court to decide what a statute means. *Simmons First Bank,* 340 Ark. 692, 13 S.W.3d 570; *Hodges v. Huckabee,* 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be

accepted as correct on appeal. *Id*; *Stephens v. Arkansas School For The Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000).

*Final Order*

■ We will not address the merits of Robert's appeal. He has not appealed from a final order as required by our rules. It is apparent from the record that the trial court has not yet acted upon the voluntary dismissal motion filed by Josephine after remand. To consider the instant appeal would violate this court's longstanding policy against piecemeal appeals. *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 974 S.W.2d 462 (1998); *Maroney v. City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994). Appellant has failed to comply with Ark. R. Civ. P. 54(b), and the appeal must be dismissed. The order denying costs, expenses, and other relief does not qualify for appeal under Ark. R. Civ. P. 54(b). Although a motion for dismissal under Ark. R. Civ. P. 41 has been filed, it has not been entered. Therefore, the action between Robert and Josephine is still pending. *Blaylock v. Shearson Lehman Brothers, Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). Thus, the ruling on the motion for fees and expenses does not conclude the case in the trial court, and the order is not a final order subject to appeal.

■■ An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998). *See also*, Ark. R. Civ. P. 54(b). Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996); *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000).

Rule 54(b) does provide a way to obtain a final order on fewer than all the claims or all the parties, but Robert did not comply with its provisions. Where one wishes such a final order, Rule 54(b) requires the party to move the trial court for an express determination, supported by specific factual findings, that there was no just reason for delay, and for express direction for entry of judgment on the matter to be appealed. *Warren v. Kelso*, 339 Ark. 70, 3 S.W.3d 302 (1999). This Robert did not do.

Additionally, an order for costs is not a judgment as contemplated by Rule 54(b). That rule reads in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.

(Emphasis added.)

■ A defendant's motion for costs is not a claim for relief presented in an action as Rule 54(b) requires and, standing alone, is not subject to appeal where the underlying action is still pending. *Warren v. Kelso*, 339 Ark. 70, 3 S.W.3d 302 (1999).

Appeal dismissed without prejudice.