IBAC CORP., Nylkoorb Management Group, Inc.,
The Royal Arkansas Hotel and Suites, Inc., Turner Hughes Corp.,
Wayne Burmaster, and Edward Hayster, Sr. *v.* Gerhardt BECKER,
International Hotel Management, Inc.

07-252 265 S.W.3d 755

Supreme Court of Arkansas
Opinion delivered October 25, 2007

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John K. Baker* and *Jeffrey L. Spillyards*, for appellant The Royal Arkansas Hotel & Suites, Inc.

*James & Carter, PLC,* by: *John D. Coulter,* for appellants.

*Baim, Gunti, Mouser, Havner Boyd & Worsham, PLC,* by: *Michael W. Boyd,* for appellees.

JIM GUNTER, Justice. This appeal arises from a restraining order and an order to inspect, entered on February 21, 2007, by the Jefferson County Circuit Court against IBAC Corporation (IBAC), Nylkoorb Management Group, Inc. (Nylkoorb), Turner Hughes Corporation (THC), Wayne Burmaster, Edward Hayter, Sr., and The Royal Arkansas Hotel and Suites, Inc. (Royal) (collectively Appellants). Appellants now bring this appeal and ask us to set aside the restraining order. Appellant Royal also asks that we dissolve the order to inspect. We reverse the circuit court's orders and remand for further proceedings.

On February 13, 2007, Gerhardt Becker and International Hotel Management, Inc., (collectively Appellees) filed a complaint in the Jefferson County Circuit Court against Appellants alleging various causes of action, including fraud, breach of contract, and breach of fiduciary duty and sought a liquidation and dissolution of Royal. Appellees also requested that the circuit court enter an order to inspect the financial records of Royal pursuant to Ark. Code Ann. § 4-27-1604 (Supp. 2007). Appellees further sought a restraining order prohibiting Appellants from

> misappropriating, or misusing corporate funds and assets, from paying any expenditure of the corporation except corporate expenditures incurred in the ordinary course of business, from operating the corporation in any manner other than in the ordinary course of business, from selling, concealing, moving, mortgaging, pleading, encumbering, damaging, destroying, impairing, conveying, obligating or otherwise disposing of any corporate asset of The Royal, Inc; and from destroying, transferring, concealing, altering any corporate record except in the ordinary course of business, from backdating any existing corporate record, from disbursing any bonuses or dividends to any officer or shareholder, from transferring any corporate stock or ownership, and from impairing stock in any way, and from interfering with a complete audit of the corporation's financial records and transactions.

On February 21, 2007, the circuit court entered a restraining order, stating that "[i]rreparable harm or damage will or might

result to Plaintiffs if preliminary injunctive relief is not granted." The order stated that Appellants were restrained and enjoined from the following:

a) misappropriating or misusing corporate funds and assets, from paying any expenditure of the corporation except corporate expenditures incurred in the ordinary course of business,

b) from operating the corporation in any manner other than in the ordinary course of business,

c) from selling, concealing, moving, mortgaging, pledging, encumbering, damaging, destroying, impairing, conveying, obligating or otherwise disposing of any corporate asset of the Royal Arkansas Hotel and Suites, Inc.;

d) from destroying, transferring, concealing, altering any corporate record,

e) from creating any corporate record except in the ordinary course of business,

f) from backdating any existing corporate record,

g) from distributing any bonuses or dividends to any officer or shareholder,

h) from transferring any corporate stock or ownership,

i) from impairing stock in The Royal Arkansas Hotel and Suites, Inc. in any way, and

j) from interfering with a complete audit of the corporation's financial records and transactions.

The circuit court also ordered Appellants to allow the inspection and copying of Royal's records. The circuit court did not conduct a hearing before entering these two orders. On March 13, 2007, Appellants filed their joint notice of appeal seeking interlocutory review and reversal of the restraining order and the order to inspect. Appellants now bring this appeal.

For their first point on appeal, Appellants argue that the restraining order should be vacated because the circuit court failed to comply with Rule 65 of the Arkansas Rules of Civil Procedure

(2007). Specifically, Appellants assert that the restraining order was entered without a showing of irreparable harm or likelihood of success on the merits. Appellants also argue that Appellees failed to satisfy the requirement under Ark. R. Civ. P. 7 (2007) by failing to submit a written or oral motion for injunctive relief. Royal further contends that the restraining order should be dissolved because it was issued without notice.

Appellees argue that, although the restraining order is "succinct," it sets forth that irreparable harm will or may result if the order is not entered and goes on to describe with particularity each act prohibited. They assert that the restraining order clearly meets the standards set forth in Rule 65(e). They also contend that Appellants' complaint regarding their ability to address the restraining order should have been raised with the circuit court pursuant to Rule 65. Appellees do not make an argument concerning Rule 7, except to provide a conclusory statement that they complied with the rule.

Royal also argues that the circuit court committed reversible error by entering the order to inspect without providing Royal the opportunity to answer the complaint, engage in discovery, and defend itself at a hearing or trial on the merits. Appellees respond, arguing that the order to inspect is not an appealable order pursuant to Rule 2(a) of the Arkansas Rules of Appellate Procedure – Civil (2007), and therefore should not be heard. Alternatively, Appellees assert that the order to inspect was proper and warranted pursuant to Ark. Code Ann. § 4-27-1604.

At the outset, we address whether the order to inspect is appealable. Ark. R. App. P.–Civil 2(a) enumerates matters in which an appeal may be taken from a circuit court to the Arkansas Supreme Court. An order to inspect is not enumerated in this list. However, Rule 2(a)(6) does provide that an injunction is an appealable order. Royal asserts that the order to inspect is a preliminary injunction, which is therefore appealable under Rule 2(a). Royal contends that because the order to inspect mandates acts on the part of Royal, it is rightly considered an affirmative or mandatory injunction under Rule 65.

We have defined an injunction as "a command by a court to a person to do or refrain from doing a particular act." *State Game and Fish Comm'n v. Sledge*, 344 Ark. 505, 42 S.W.3d 427 (2001); *Arkansas Dep't of Human Servs. v. Hudson*, 338 Ark. 442, 994 S.W.2d 488 (1999); *Tate v. Sharpe*, 300 Ark. 126, 777 S.W.2d 215

(1989). It is mandatory when it commands a person to do a specific act, and prohibitory when it commands him or her to refrain from doing a specific act. *Butler v. State,* 311 Ark. 334, 842 S.W.2d 435 (1992). All court orders are mandatory in the sense that they are to be obeyed, but not all orders are mandatory injunctions. *Tate,* 300 Ark. at 129, 777 S.W.2d at 215. To be a mandatory injunction, the order must be based upon equitable grounds to justify the use of the extraordinary powers of equity, such as irreparable harm and no adequate remedy at law. *Id.* In addition, the order must determine issues in the complaint, not merely aid in the determination of such issues. *Id.; see also Warren v. Kelso,* 339 Ark. 70, 3 S.W.3d 302 (1999) (stay of proceedings does not translate into an injunction).

 Here, the circuit court ordered Appellants to allow the inspection and copying of certain records belonging to Royal. We interpret this order as commanding Royal to do a specific act. *See Sledge, supra.* Such an inspection could also determine issues in the complaint, such as breach of fiduciary duty, fraud, and deceit. Therefore, we hold that the order to inspect is appealable and will be treated the same as the restraining order.

We now turn to the issue of notice. Royal argues that the restraining order should be dissolved because it was given without notice to Appellants, and the circuit court did not conduct a hearing regarding the issuance of the restraining order. Appellees respond, asserting that Appellants were properly served, and therefore they were properly notified.

Arkansas Rule of Civil Procedure 65 (2007) states:

> (a)(1) Notice. A preliminary injunction or a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney where it appears by affidavit or verified complaint that irreparable harm or damage will or might result to the applicant if such preliminary injunction or temporary restraining order is not granted. In all other cases, reasonable notice must be given to the adverse party or his attorney of the application for a preliminary injunction or temporary restraining order and an opportunity for such party or his attorney to be heard in opposition thereto. Every preliminary injunction or temporary restraining order granted without notice shall be filed with the clerk and a copy served upon the party restrained in the manner prescribed by Rule 4 of these rules.

. . . .

(b) Hearing. Upon application by the party against whom the preliminary injunction or temporary restraining order has been issued without notice, the Court shall, as expeditiously as possible, hold a hearing to determine whether the preliminary injunction or temporary restraining order should be dissolved. Where a hearing is required to be held on an application for a preliminary injunction or temporary restraining order, the Court may order the trial of the action on the merits advanced and consolidated with the hearing on the application. When consolidation is not ordered, any evidence received upon application for a preliminary injunction or temporary restraining order which would be admissible upon the trial on the merits becomes a part of the record of the trial and need not be repeated upon the trial. This subdivision (b) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

*Id.*

Rule 65(a)(1) provides that, where a preliminary injunction is to be given without notice to the adversary of the one requesting it, it must be alleged by affidavit or verified complaint that, absent the injunction, irreparable harm will result to the appellant. Where notice is given, the rule contemplates that a hearing will be held at which such irreparable harm must be shown. The prospect of irreparable harm or lack of an otherwise adequate remedy is the foundation of the power to issue injunctive relief. *See Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997); *Amalgamated Clothing v. Earle Indus., Inc.*, 318 Ark. 524, 886 S.W.2d 594 (1994); *see also Ahrent v. Sprague*, 139 Ark. 416, 214 S.W. 68 (1919); *Ex Parte Foster*, 11 Ark. 304 (1850).

█ In the present case, Appellees obtained the restraining order from the circuit court before Appellants were served with the summons and complaint. No notice was given before the restraining order was issued. Because no notice was given, Rule 65(a)(1) requires that there must be an affidavit or verified complaint that irreparable harm or damage will or might result to the applicant if the restraining order is not granted. The complaint in the present case is unverified. Therefore, Appellants should have been notified of the application for a restraining order. Appellants also should have been notified of the request for an order to inspect. Under these facts, it was not necessary for Appellants to bring this issue before the circuit court. Accordingly, we reverse the orders of the circuit court and remand for further proceedings.

Because we are reversing and remanding this case on the issue of notice, we will not reach the remaining arguments.

Reversed and remanded.