Vincent DAVIE *v.*
OFFICE of CHILD SUPPORT ENFORCEMENT

01-1250                                      76 S.W.3d 873

Supreme Court of Arkansas
Opinion delivered June 6, 2002

188

*Angela Felicia Epps*, Supervising Attorney, UALR School of Law Legal Clinic, for appellant.

*Amy L. Ford*, for appellee.

Ray Thornton, Justice. Appellant Vincent Davie was adjudged the father of Ashley Flowers on December 15, 1995. At that time, he was ordered to pay $37.50 per week in child support and $3.75 per week towards an arrearage of $1,725.00. In March 1997, appellant was determined to be disabled by the Social Security Administration (SSA) due to being paranoid schizophrenic. He began receiving Supplemental Security Income (SSI) benefits on April 1, 1997, and continued to receive benefits from the determination of his disability up to the time of the hearing. Appellant attempted to work in 1999, but was unable to continue because of his disability. Appellant was eligible for SSI benefits in the amount of $550.00 because of his disability. However, because appellant's food and shelter were provided by his mother, the one-third reduction rule was applied, and $196.66 was subtracted from his SSI as imputed income. *See* 20 C.F.R. § 416.1131, 416.1132 and 416.1149. The reduced benefits paid to appellant by SSI were $353.34, and there was no showing that either appellant or his mother received any other income or benefits from the SSA as a result of the value attributed to his food and shelter.

On April 18, 2000, appellant filed a motion to modify the child-support order, seeking suspension, or in the alternative, modification of his child-support obligation. A motion for summary judgment was filed on April 18, 2001, based on this court's decision in *Davis v. OCSE*, 341 Ark. 349, 20 S.W.3d 273 (2000).

The chancellor denied the motion for summary judgment on May 4, 2001, and conducted a hearing on appellant's motion to modify child support. Appellant and his mother testified about appellant's disability and his financial situation. Appellant also presented letters from the SSA indicating their determination of his disability and entitlement to SSI. Each letter indicated that the SSA set a value of $196.56 for the food and shelter provided by a third party, and the payments that appellant would receive were reduced to $353.34 because of the in-kind availability of food and shelter.

The chancellor found that our decision in *Davis* did not extend to the $196.56 value of food and shelter provided by the

third party, and characterized this amount as income that could be the basis for child support. Appellant's motion for modification was granted, and the chancellor modified his support obligation based on a reduction in his income. However, the chancellor declined to suspend the child-support obligation, finding that he had not proven his inability to work. On August 3, 2001, the trial court entered an order reducing appellant's support obligation to $24.00 per week retroactively to the date the motion to modify was filed. It is from this order that appellant appeals, arguing that the trial court was barred from ordering child-support payments when appellant's income from which the payments were to be made was based solely on SSI benefits. We agree, and reverse the trial court's order.

We review chancery court decisions *de novo* on the record. *Nielsen v. Berger-Neilsen*, 347 Ark. 996, 69 S.W.3d 414, (2002). Although we review chancery cases *de novo*, we will not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Norman v. Norman*, 342 Ark. 493, 30 S.W3d 83 (2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Neilsen, supra.* Further, in reviewing a chancery court's findings, we give due deference to the chancellor's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.*

While a chancery court's findings of fact shall not be set aside unless clearly erroneous, a chancellor's conclusions of law are not given the same deference. *Vowell v. Fairfield Bay Community Club, Inc.*, 346 Ark. 270, 58 S.W,3d 324 (2001). Accordingly, if a chancellor erroneously applies the law and an appellant suffers prejudice, the erroneous ruling should be reversed. *Id.*

We have previously held that state courts are prohibited by federal law from ordering child-support payments from SSI. *Davis, supra.* In *Davis*, we held that a parent who receives SSI as her only source of income cannot be required to provide financial support for her minor children. We based our ruling on federal law, stating:

We hold, however, that although SSI comes within the definition of income for child-support purposes, it is not subject to state court jurisdiction. Congress has made no sovereign immunity exception for non-remunerative federal benefits such as SSI. Hence, those benefits remain free from "execution, levy, attachment, garnishment, or other legal process." We thus join the majority of the states that have addressed this issue and hold that Arkansas courts cannot order child-support payments based upon income from federal SSI disability benefits.

*Id.*

■ Federal preemption of state law governing domestic-relations matters is justified when Congress has positively required by direct enactment that state law be preempted. *Davis, supra.* In *Rose v. Rose,* 481 U.S. 619 (1987), the United States Supreme Court held that, "before a state law governing domestic relations will be overridden, it 'must do major damage' to 'clear and substantial' federal interests." *Id.*

■ ■ In our interpretation of the provisions of 42 U.S.C. §§ 407(a) and 1383(d)(1) in *Davis,* we stated in pertinent part:

This section [42 U.S.C. § 407] protects SSI and SSD benefits against transfer or assignment in law or equity and states that they are not subject to "execution, levy, attachment, garnishment or *other legal processes.*" (Emphasis added.) This would include state child-support withholding orders as the OSCE concedes. However, since the enactment of § 407, Congress has carved out a limited exception for child-support purposes in 42 U.S.C. § 659. There Congress consented to income withholding, garnishment, and similar proceedings for enforcement of child-support and alimony obligations from federal moneys payable based on "*remuneration from employment.*"

\* \* \*

This exception could not apply to federal SSI benefits. SSI benefits are not remuneration for any past or present employment. No premiums, deposits, or other payment have been paid to qualify for them. Put simply, SSI is federal welfare for the poorest of the nation's citizens.

\* \* \*

By contrast:

> Under SSD, the applicant seeks "insurance benefits based upon payments withheld from his paychecks. To qualify, the applicant must have paid into the program at least five out of the prior ten years, or twenty out of forty quarters. *SSI recipients, however, either never paid this "premium" or never paid enough into the system to qualify for SSD. In other words, the benefits of an SSI recipient receives are not based on how much he paid into the system, but instead how much he or she needs to maintain "a Federal guaranteed minimum income level for aged, blind, and disabled persons."* Currently, for Davis, that amount is set at 494.000 monthly.

*Davis, supra.* (Internal citations omitted and emphasis supplied.) We conclude that our decision in *Davis* establishes that, when SSI benefits are the only source of income, a state court cannot order child-support payments from that income.

■ ■ Accordingly, we follow the precedent set in *Davis* and reverse the trial court. At the time of the trial court's ruling, appellant had no other source of income. The chancellor erroneously considered the amount his mother provides for food and shelter as an additional source of support, as reflected in the chancellor's ruling:

> COURT: Social Security imputed $161.33 to him based on the fact that he received food and shelter from someone else. They figured this in determining his SSI. He had a reduced amount rather than the full amount. So even taking into consideration what was said in the *Davis* case, that would not be supplemental security income. The court can use that income as imputed income to calculate child support. His SSI is $353.34.

The chancellor erroneously considered what the SSA calls an imputed income, as additional income subject to application of child-support obligation. However, we note that pursuant to 20 C.F.R. § 416.1131, the SSA will apply the "one third reduction rule" under certain conditions. The "one-third reduction rule" is:

> Instead of determining the actual dollar value of in-kind support and maintenance, we count one-third of the Federal benefit rate as additional income if you (or you and your eligible spouse) —

(1) Live in another person's household (see § 416.1132) for a full calendar month except for temporary absences (See § 416.1149), and

(2) Receive both food and shelter from the person in whose household you are living. (If you do not receive both food and shelter from the person, see § 416.1140)

(b) The one-third reduction applies in full or not at all. When you are living in another person's household, and the one-third reduction rule applies, we do not apply any income exclusions to the reduction amount. However, we do apply appropriate exclusions to any other earned or unearned income you receive. If you have an eligible spouse we apply the rules described in § 416.1147.

(c) If the one-third reduction rule applies to you, we do not count any other in-kind support and maintenance you receive.

20 C.F.R. § 416.1131. Appellant was receiving in-kind support, and his SSI was reduced by one-third. He received no additional income beyond that which he was eligible to receive under SSI.

Appellee argues that Supreme Court Administrative Order 10, section 3(d), allows a chancellor to impute income under certain circumstances:

If a payor is unemployed or working below full earning capacity, the court may consider the reasons therefor. If earnings are reduced as a matter of choice and not for reasonable cause, the court may attribute income to a payor up to his or her earning capacity, including consideration of the payor's life-style. Income of at least minimum wage shall be attributed to a payor ordered to pay child support.

Id. There is no showing here that appellant's circumstances were such that he was disabled as a matter of choice, and that income up to at least the level of minimum wage should be attributed to him. A determination by the SSA that a person is disabled from working does not reflect a reduction of earnings by the choice of the recipient, nor is a disability an unreasonable cause for a reduction in earnings. Thus, Administrative Order 10 section 3(d) does not give the chancellor the authority to impute income to appellant. Therefore, the chancellor's order that child support be awarded based on in kind contributions of food and shelter that

were considered by SSA in reducing appellant's SSI benefits was erroneous.

Appellant raised the issues of whether the trial court had the authority to determine that appellant had sufficiently proven his inability to work, and the issue of whether a state court was allowed to determine that a recipient of SSI was able to work despite the SSA's determination that the recipient was disabled. Because we find for reversal on the first point on appeal, we need not address the other issues raised by appellant.

Accordingly, we reverse and remand.