Paul James PASCHAL *v.* Alice PASCHAL

CA 02-995 117 S.W.3d 650

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 11, 2003

[Substituted Opinion on Denial of Rehearing
delivered September 17, 2003]

*Taylor Law Firm, Scott Smith* and *John Mikesch*, for appellant.

*Sexton Law Firm*, by: *Jane Watson Sexton*, for appellee.

K AREN R. BAKER, Judge. Appellant, Paul James Paschal, appeals a decision by the Washington County Circuit Court modifying the previous orders of the court regarding child support. Appellant has two arguments on appeal. First, he argues that the trial court erred in awarding appellee, Alice Paschal, retroactive child support. Second, appellant argues that the trial court erred in considering the bonus that he received in 2001 as income for the purpose of establishing his support obligation. We affirm.

The facts of this case are as follows. The parties were divorced by a decree entered in the Washington County Circuit Court on September 17, 1996. Custody of the parties' two minor children was given to Ms. Paschal. The divorce decree provided that Mr. Paschal's child support would be set at $965 per month and one-half of his net annual bonus from the period of September 1996 to August 1997; $965 per month and twenty-two percent of his annual bonus received from the period of August 1997 to July 1999; and commencing August 1, 1999, Mr. Paschal's support obligation was to be modified based upon his current take-home pay in accordance with the Family Support Chart.

On October 9, 2001, Ms. Paschal filed a petition for contempt alleging that Mr. Paschal had failed to pay the amount of support per the divorce decree. On May 21, 2002, Ms. Paschal amended her petition to add a request for modification of Mr. Paschal's support obligation due to an increase in his income. In an order entered on July 22, 2002, the trial judge granted Ms. Paschal's request to modify Mr. Paschal's support obligation and denied Ms. Paschal's motion for contempt, finding specifically that Mr. Paschal did not properly compute his support obligation due to his failure to include all of his income.

We review child-support awards *de novo* on the record. *Davie v. Office of Child Support Enforcement*, 349 Ark. 187, 76 S.W.3d 873 (2002) (citing *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W.3d 414 (2002)). In *de novo* review cases, we will not reverse a finding of fact by the trial judge unless it is clearly erroneous. *Id.* (citing *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000)). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* (citing *Nielsen, supra*). Further, we give due defer-

ence to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.*

■■ The amount of child support lies within the sound discretion of the trial judge, and the trial judge's finding will not be reversed absent an abuse of discretion. *Ford v. Ford,* 347 Ark. 485, 65 S.W.3d 432 (2002) (citing *McWhorter v. McWhorter,* 346 Ark. 475, 58 S.W.3d 840 (2001); *Kelly v. Kelly,* 341 Ark. 596, 19 S.W.3d 1 (2000); *Smith v. Smith,* 337 Ark. 583, 990 S.W.2d 550 (1999)). The trial judge is required to refer to the child-support chart, and the amount specified in the chart is presumed to be reasonable. *Id.* (citing *Smith v. Smith, supra*).

Mr. Paschal first argues that the trial court erred in awarding appellee, Alice Paschal, retroactive child support. However, the trial judge did not retroactively modify the child-support order. Rather, he clarified the original order by setting the sum certain amount of support. The trial judge correctly found the terms of the agreement were unambiguous in that the parties intended to set child support in accordance with the child-support chart, yet failed to set a sum certain amount of child support as required by Administrative Order No. 10.

The testimony showed that on August 1, 1999, Mr. Paschal began making child-support payments in the amount of $1080 per month. The trial judge found that based on his income the amount of child support that Mr. Paschal should have paid was $1469 during the period of August 1, 1999, through August 1, 2000; $1234.66 during the period of August 2, 2000, through December 31, 2000; and $2520 during the year 2001. We find no error in the trial judge's clarification of the original child-support order.

■■ Appellant's reliance upon the line of modification cases is misplaced. We agree that retroactive modification of a court-ordered child-support obligation may only be assessed from the time a petition for modification is filed. *Yell v. Yell,* 56 Ark. App. 176, 939 S.W.2d 860 (1997) (citing Ark. Code Ann. § 9-14-234 (Supp. 1995); *Grable v. Grable,* 307 Ark. 410, 821 S.W.2d 21 (1991); *Heflin v. Bell,* 52 Ark. App. 201, 916 S.W.2d 769 (1996)). However, where a child-support order fails to recite the amount of support, the order has no sum certain that is capable of modifi-

cation. Thus, the trial judge did not retroactively modify the support order; rather, he calculated the correct amount of support based on Mr. Paschal's income, and set a sum certain amount of support, bringing the child-support order into compliance with Administrative Order No. 10.

 The trial judge also determined that Mr. Paschal's future monthly child-support payment should be $1,299 based on his current income. Mr. Paschal argues in his second point on appeal that the trial court erred in considering the bonus that he received in 2001 as income for the purpose of establishing his support obligation. He specifically asserts that the bonus was a "nonpredictable salary bonus." For the calculation of child support, "income" is statutorily defined as:

> (4)(A) "Income" means any periodic form of payment due to an individual, regardless of the source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest.
>
> (B) The definition of "income" may be expanded by the Arkansas Supreme Court from time to time in the Guidelines for Child Support Enforcement, § 9-99-901.

Ark. Code Ann. § 9-14-201(4) (Supp. 2001). In Administrative Order No. 10, the Arkansas Supreme Court expanded the definition of "income" as follows: "Income means any form of payment, *periodic or otherwise,* due to an individual, regardless of source, including wages, salaries, commissions, bonuses, worker's compensation, disability, payments pursuant to a pension or retirement program, and interest. . . ." *In re*: Administrative Order Number 10: Arkansas Child Support Guidelines § II, 331 Ark. 581 (1998) (emphasis added). The definition is intentionally broad to encompass the widest range of sources consistent with this State's policy to interpret "income" broadly for the benefit of the child. *Ford, supra.* Hence, we find that the $100,000 bonus that Mr. Paschal received in 2001 clearly falls within the definition of income, and the trial court properly considered the 2001 bonus in determining Mr. Paschal's child-support obligation. Based on the foregoing, we affirm.

STROUD, C.J., HART, ROBBINS, GRIFFEN, and CRABTREE, JJ., agree.