Jerome Mark SHIPP *v.* Toni P. SHIPP

CA 05-469                                                    230 S.W.3d 305

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

*The Mathis Law Firm*, by: *Winston C. Mathis*, for appellant.

*Walthall Law Firm, P.A.*, by: *G. Christopher Walthall*, for appellee.

OLLY NEAL, Judge. Appellant Jerome Mark Shipp appeals from an order of the Clark County Circuit Court that found he was in arrears on his child-support obligation. On appeal, appellant asserts that the trial court committed reversible error by modifying his child-support obligation retroactively to the date of the last child-support order rather than to the date of the petition to modify child support. In the alternative, appellant alleges that "there was insufficient evidence to support the retroactive modification of his child support." We find merit to his arguments and reverse and remand.

On August 14, 2002, the parties were divorced. At the time of their divorce, the parties had two minor children, Olen Marcus Shipp born August 10, 1987, and Robert Charles Shipp born August 11, 1992. Appellee Toni Shipp received custody of the children, and appellant agreed to pay child support. Thereafter, appellant became unemployed, and a hearing on appellant's future child-support obligations was held on February 10, 2003. At the hearing, the following colloquy occurred between appellant and the trial court:

> TRIAL COURT: Well, I'm going to order that you pay $35 a week until such time as you become re-employed and your income change. [sic]
>
> APPELLANT: All right, sir. At that time, what do I need to do? Do we have to come up here again?
>
> TRIAL COURT: Well, you need to notify the clerk of your employment, and then we'll set it on the chart. And if

you all can't agree to what your take home pay is on the chart, then I'll have it and I'll decide, based upon the proof.

However this requirement was not included in the order. The trial court's February 10 order only provided that, due to appellant's unemployment, his child-support obligation was being set at $35 per week.

Two days after the February 10 hearing, appellant obtained new employment. He informed the clerk of his employment and, instead of filing a motion to increase his child-support obligation, appellant adjusted his support payment himself. Appellant paid child support up until he lost his job in September 2003. At that time, appellant informed the clerk that his only income was the $200 per week that he earned as a self-employed minister. Appellant did not file a motion to reduce his child-support obligation; instead, he again made the adjustment himself.

In December 2003, Olen moved in with appellant. On April 12, 2004, appellant filed a petition for change of custody and asked the trial court to reassess his child-support obligation. In response, appellee filed a counterpetition alleging that appellant had failed to pay his child-support obligation and should therefore be held in contempt.

A hearing on the matter was held October 12, 2004. At the hearing, appellee asked the trial court to modify appellant's child-support obligation retroactively to the February 10 order because he was told from the bench to report when he obtained employment and any changes in his income. Appellant argued that, since the February 10 order set his child-support obligation at a sum certain and failed to include any provisions for future modification, his child-support obligation could only be modified from the date of the last motion filed.

The trial court granted appellant custody of the parties' oldest son. As to the parties' child-support obligations, the trial court found that:

> Based upon the [appellant's] current earnings of $494.32 per week he should be obligated to pay child support on one child in the amount of $94.00 per week. Based upon the [appellee's] average weekly wage of $249.00 per week she will be responsible to pay the sum of $56.00 per week as support for one child. The difference

between the two parties obligations of support is $38.00 per week and the [appellant] is ordered and directed to pay the sum of $38.00 per week through the Registry of this Court along with the Clerk's annual fee for handling such.

The trial court further found that, based upon its February 10 ruling from the bench that ordered appellant to report when he obtained new employment and any changes to his income so that his child-support obligation could be set according to the child-support chart, appellant had an arrearage of $7,100.31. The trial court ordered appellant to pay an additional sum of $18.80 per week toward his arrearage.

Appellant filed a motion for a new trial alleging that the trial court erred when it used its February 10 declarations from the bench to find that he had an arrearage and that, absent a motion to modify child support, he was only obligated to pay $35 per week. The trial court failed to rule on appellant's motion and, pursuant to Rule 59(b) of the Arkansas Rules of Civil Procedure,[1] after thirty days the motion was deemed denied. Appellant now brings this appeal.

We review child-support awards de novo on the record. *McKinney v. McKinney*, 94 Ark. App. 100, 226 S.W.3d 37 (2006); *Paschal v. Paschal*, 82 Ark. App. 455, 117 S.W.3d 650 (2003). In de novo review cases, we will not reverse a finding of fact by the trial judge unless it is clearly erroneous. *McKinney, supra; Paschal, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *McKinney, supra; Paschal, supra.* Further, we give due deference to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *McKinney, supra; Paschal, supra.*

Appellant first argues that the trial court committed reversible error when it retroactively modified his support obligation back to the date of the last support order instead of the date of his petition for change of custody. Arkansas Code Annotated sections 9-14-234(b) and (c) (Repl. 2002) provide:

---

[1] Rule 59(b) provides in pertinent part that "[i]f the court neither grants nor denies the motion [for new trial] within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day."

(b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court or the Arkansas child support clearinghouse shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money which has accrued *until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.*

(c) *The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion.* However, the court may offset against future support to be paid those amounts accruing during time periods other than reasonable visitation in which the noncustodial parent had physical custody of the child with the knowledge and consent of the custodial parent.

(Emphasis added.)

According to section 9-14-234, child-support orders from a court of competent jurisdiction remain in force until modified by a subsequent decree, or in limited situations by operation of law. *See Brown v. Brown*, 76 Ark. App. 494, 68 S.W.3d 316 (2002); *Yell v. Yell*, 56 Ark. App. 176, 939 S.W.2d 860 (1997). Absent a specific finding of fraud in procuring an existing support decree, however, it is an abuse of discretion to impose retroactive modification of a support order beyond the filing date of a petition to modify. *Yell, supra.* An exception to this rule is where a child-support order fails to recite the amount of support; an order that fails to state a sum certain is capable of modification. *See Paschal, supra.*

Moreover, it is well settled that a trial court has the authority to clarify its orders. *See Paschal, supra; McGibbony v. McGibbony*, 12 Ark. App. 141, 671 S.W.2d 212 (1984). Appellee suggests that the trial court was merely clarifying its February 10 order. We disagree. A trial court's ability to clarify its orders is governed by Rule 60 of the Arkansas Rules of Civil Procedure. Rule 60 provides in pertinent part:

(a) Ninety-Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

(b) Exception; Clerical Errors. Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Here, by applying its February 10 directives from the bench to find an arrearage, the trial court added something to the February 10 order. A trial court is not permitted to change an order to provide something that in retrospect should have been done but was not done. *McGibbony, supra.* The trial court was also acting without prior notice to the party. We, therefore, find appellee's argument unavailing.

The trial court's February 10 order provides that appellant is to pay $35 per week in child support. This amount is a sum certain. Thus, any changes to appellant's support obligation must be preceded by a motion to modify his child-support obligation, which brings us to the question of whether there was a motion to modify before the trial court.

Appellant did not specifically file a petition for modification; instead, in his April 12 petition for change of custody, appellant asked the trial court to reassess his child-support obligation. In *Martin v. Martin,* 79 Ark. App. 309, 87 S.W.3d 817 (2002), we held that section 9-14-234 requires a "proper motion" as a prerequisite to modification of support. Under the basic rules of statutory construction, we give effect to the intent of the legislature. *See Gonzales v. City of DeWitt,* 357 Ark. 10, 159 S.W.3d 298 (2004). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* The statute must be construed so that no word is left void or superfluous and in such a way that meaning and effect are given to every word therein, if possible. *See Monday v. Canal Ins. Co.,* 348 Ark. 435, 73 S.W.3d 594 (2002). If the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no reason to resort to rules of statutory interpretation. *See id.* If, however, the meaning of a statute is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *See id.*

Statutes relating to the same subject are said to be in pari materia and should be read in a harmonious manner, if possible. *See id.*

■■ Technically, appellant's petition for change of custody is not a "proper motion." However, it is inconceivable that the trial court would change custody without making some modification to the support obligation. Therefore, we construe appellant's petition for change of custody as containing a "proper motion" for modification. When the trial court retroactively modified appellant's support obligation back to the February 10 order, the trial court abused its discretion and, accordingly, we reverse and remand this issue.

■ In his alternative point on appeal, appellant alleges that "there was insufficient evidence to support the retroactive modification of his child support." Because we are reversing and remanding appellant's first point on appeal, we do not need to address the merits of his alternative argument. However, if we were to address the merits , we would also reverse and remand this issue. The trial court could only calculate any resulting arrearage from the date that appellant filed his motion for change of custody, and based on the evidence that the trial court had before it, there could be no arrearage.

Accordingly, we reverse and remand to the trial court for an order consistent with this opinion.

Reversed and remanded.

GLADWIN and GRIFFEN, JJ., agree.