Cite as 2022 Ark. App. 82

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-20-646

| | |
|---|---|
| JEANETTE SINGEL MORIN | Opinion Delivered February 23, 2022 |
| APPELLANT | |
| | APPEAL FROM THE FAULKNER COUNTY |
| | CIRCUIT COURT |
| V. | [NO. 23DR-02-407] |
| | |
| JOHN TODD SINGEL | |
| APPELLEE | HONORABLE SUSAN WEAVER, |
| | JUDGE |
| | |
| | REVERSED AND REMANDED |
| | WITH DIRECTIONS |

**BRANDON J. HARRISON, Chief Judge**

Jeanette Morin and John Singel have been litigating issues of child support, alimony, and contempt for more than twenty years. Nine different circuit judges have presided over the former couple's disputes. The meandering dispute has made its way to this court after the Faulkner County Circuit Court held a hearing and then entered a final order on 21 July 2020. Before going further, we must put the court's final order into context.

## I. *An Abbreviated Case History*

The parties were married in 1990, had four children, and divorced in 1997. The divorce decree awarded Morin custody and set Singel's monthly child support at $1,820. In November 2002, the circuit court modified Singel's monthly child-support obligation. In March 2008, Morin alleged that a material change in circumstances had occurred and

requested an increase in child support. She also alleged that Singel had failed to pay child support in accordance with the circuit court's prior order and asked for a show-cause hearing so that Singel would have to explain why he did not pay as child support a percentage of a net bonus he received and justify why he had withheld information about his income. In October 2008, the court awarded both parents joint custody of the children and divided physical custody between them. Because of the court's joint-custody decision, a related decrease in Singel's monthly child-support obligation was memorialized in an order entered on 15 January 2009.

Now is the time to mention a motion that Morin filed in August 2010, which asked the circuit court to "recalculate Defendant's child support obligation going back to 2002; that Defendant's *child support arrearage* be calculated and added on to the amount of child support he is ordered to pay Plaintiff." (Emphasis added.) We read this as a request for back child support that Singel allegedly owed to Morin, an amount that had accrued between 2002 and 2008. In January 2011, the circuit court ordered Singel to "produce financial records in his possession or readily available to him, including tax returns" for "2002 forward." Singel filed a notice of appeal from that order but never pursued it.

Some two years later, in March 2013, the circuit court found that Singel had signed releases allowing Morin "access to his tax returns and pay information dating back to 2002." The March 2013 order states: "This information shall be used to determine whether or not Defendant owes any additional child support for the period of 2002 to present." Many motions and responses were filed for another three years. In November 2016, Morin moved

2

for a partial summary judgment on the issue of back child support; she wanted a judgment as a matter of law on an arrearage owed to her for the years 2002–12. Morin argued that a significant amount was owed to her. Singel opposed the motion, challenging Morin's numbers and that he owed any back support. He responded that "all issues related to child support or any arrearages thereon accruing prior to January 14, 2009 are barred by *res judicata*." In May 2017, the circuit court denied Morin's motion. The court also denied "the defense interposed by Defendant based upon res judicata and collateral estoppel."

Before discussing the final hearing and order, we want to be clear that no previous court order has decided the 2002–08 child-support issue. In fact, many orders during the intervening years expressly reserved the issue.

II. *Singel's Motion in Limine and the Final Hearing*

Three days before the final hearing convened in June 2020, Singel filed a motion in limine. In it, Singel stated that he expected Morin to relitigate the amount of child support she believed Singel owed to her between 2002 and 2008 (inclusive). But, Singel argued, that should not be allowed because of an order the circuit court had entered on 15 January 2009. Here is what that order states in full:

> On October 24, 2008, this matter come on for hearing, Defendant, John Todd Singel, appearing in person and by and through his attorney, Jesse W. Thompson, Plaintiff, Jeanette (Singel) Morin, appearing in person and by and through her attorney, James F. Lane, with an agreed order having been entered on the 29th day of October, 2008, and other matters and things before the Court, the court finds and orders as follows:

3

1. That the parties share joint legal custody of the four minor children . . . with Plaintiff having physical custody of [CS] and [JS], and Defendant having physical custody of [GS] and [RS].

2. That Plaintiff's monthly income minus proper deductions is computed to be $3,017.41 per month with child support due and owing in the amount of $744 per month for two children as set forth in Administrative Order No. 10.

3. That Defendant's monthly income minus proper deductions is computed to be $8080.54 per month with child support due and owing in the amount of $1,629.91 per month for two children as set forth in Administrative Order No. 10.

4. That the off-set of the amount of child support that Defendant owes Plaintiff for two children against the amount of support that Plaintiff owes to Defendant is found to be in the amount of $885.91.

5. That Defendant shall pay to Plaintiff $885.91 per month as child support, with $442.95 payable on the 5th of the month and $442.96 payable on the 20th of the month to coincide with Defendant's pay periods, until [CS] and [JS] turn eighteen (18) years of age or graduate from high school, whichever occurs later, and said support shall be proportionately reduced or terminated at such time as this occurs. Child support payments shall be payable through the Arkansas Clearinghouse pursuant to Ark. Code Ann.§ 9-14-805 by income withholding.

IT IS SO ORDERED on this 14 day of January 2009, *nunc pro tunc* for November 7, 2008.

In his motion filed at the final hearing's threshold, Singel argued that the January 2009 order was the most recent child-support order and that it could not be modified under Arkansas Rule of Civil Procedure 60(c) or 59(d).[1]  "[Y]ou do not look behind the last order

---

[1] Ark. R. Civ. P. 59(d) provides:

(d) *Time for Filing Affidavits.* When a motion for a new trial is based upon affidavits, they shall be filed with the motion. The opposing party shall have 10 days after service within which to file opposing affidavits which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

Ark. R. Civ. P. 60(c) provides:

(c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

(1) By granting a new trial where the grounds therefor were discovered after the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Rule 59(b), upon a motion for new trial filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is the earlier; provided, notice of said motion has been served within the time limitations for filing the motion.

(2) By a new trial granted in proceedings against defendants constructively summoned, and who did not appear, upon a motion filed within two years after the filing of the judgment with the clerk of the court, or within one year after a certified copy of the judgment has been served upon the defendant, whichever shall be the earlier, upon security for costs being given; provided notice of the filing of said motion has been served upon the adverse party within the time limitations for filing the motion.

based upon *res judicata*," he asserted. It is therefore clear that in Singel's view, the 2002–08 support issue had been decided in his favor in 2009 when the circuit court entered the January 15 order that we just reproduced.

Morin asked the court to deny the motion in limine. Singel replied to Morin's response; he, at that point, invoked the 2017 order that denied Morin's motion for partial judgment on the back child-support issue. (Recall that order also expressly denied the defense that Singel had raised against the motion for partial summary judgment. It was a legal dogfall, in other words.)

At the final hearing, the circuit court seems to have changed its prior summary-judgment position—in terms of Singel's defensive position to Morin's motion for partial summary judgment.[2] Why do we say this? Because the court, during the final hearing, partially granted Singel's motion in limine—and it did so on the 2002–08 back child-support issue. During the June 2020 hearing, as we read the record, the court orally granted Singel's motion in limine on a Rule 59/60 issue. The court's oral ruling was later memorialized in the final written order. Specifically, it appears the court agreed with Singel that the January 2009 order resolved all child-support issues, including the issue of unpaid support for the years 2002 through 2008. Because the January 2009 order had resolved all back child-support issues, the circuit court found that Morin's effort to modify that order should be

---

[2]In May 2017, when the partial summary judgment was denied by a written order, Circuit Judge Carnahan presided over the case. Circuit Judge Susan Weaver presided over the final hearing in 2020.

unavailing. The court therefore necessarily granted the relief sought in Singel's Rule 59 and 60 arguments that he had raised in the motion in limine and during the final hearing. And because Morin's 31 August 2010 petition to recover the child-support arrearage accumulated from 2002 through 2008 was not expressly and separately addressed in the final order, we must presume it was denied in paragraph 37 of the final order: "All outstanding motions in this case not expressly ruled on in this Order are hereby <u>DENIED.</u>" The final order did, however, expressly award Morin $58,557.65 "in back child support," but only for the time period of March 2008 through 2013.

That is not the end of it. Ten days after the final order was entered—a precedent Morin's counsel "prepared" and signed—Morin moved for a new trial under Ark. R. Civ. P. 59(a)(5) and argued an error in the assessment of the amount of recovery; and she argued that an error of law occurred under Rule 59(a)(8). Morin's posttrial motion focused solely on child support owed between 2002 and 2008.[3]

---

[3]Morin argued that the court erred as a matter of law when it granted the relief sought in Singel's Rule 59 and 60 arguments and failed to "consider modifying Defendant's child support obligation before Plaintiff's March 6, 2008 motion to increase support." She said that Singel committed fraud in procuring the amount of child support he was ordered to pay in 2002 because he never provided proof of both the income and bonus that he was ordered to produce since 2002. This fraud, she says, was evident in the special master's report. She argued that the amount of unpaid child support from 2002 through 2008 was $132,899.22. Under Rule 59(a)(5), Morin argued that the error in the assessment was that the evidence showed that Singel underpaid child support by at least $132,899.22.

7

As we stated earlier, the circuit court denied Morin's motion for a new trial, so she filed a timely appeal from the court's July 21 final order and its August 7 order denying her posttrial motion.

## III.  *Legal Analysis*

According to Singel, the circuit court entered no rulings within ninety days of the 15 January 2009 child-support order.  There were no subsequent modifications, either.  Singel asserts that this was the basis of the court's ruling that Rule 60 prevented any collection of child support prior to Morin's 6 March 2008 increase request.  Because the January 2009 order contained no express reservations, it adjudicated all the child-support issues that had been outstanding up to that point.

Morin argues that this is an erroneous interpretation of the court order.  Because the January 2009 order did not resolve, much less address, the issue of child support that accrued between 2002 and 2008, neither Rule 59(d) nor Rule 60(c) prevents her from recovering unpaid child support that had accrued prior to 6 March 2008 when she requested an increase.  Morin essentially argues that she is not attempting to modify the January 2009 order; she is simply trying to enforce the original child-support obligation in the November 2002 order.  We agree.

The January 2009 order's plain language does not resolve any back-support issue between 2002 and 2008.  Nor does it bar Morin from seeking a judgment for the arrearages accumulating between 2002 and 2008 (inclusive).  There was no need or reason to correct

8

this order, and no party tried to do so. Consequently, Rules 59(d) and 60(c) had no bearing on the alleged late support from 2002 through 2008.

Morin tried to get a judgment for the claimed cumulative arrearage in 2008, 2010, and 2013; but that issue, covering 2002 through 2008, was never decided by any one of the prior eight circuit judges that presided over the parties' dispute. Instead, the issue was repeatedly reserved for future hearings. The circuit court's October 2008 order provided, "All financial issues previously reserved and all financial issues raised in plaintiff's March 6, 2008 Countermotion are hereby reserved for a future hearing, after completion of all discovery." The circuit court's January 2011 order directed Singel to produce his income records from 2002 forward and provided that "all pending motions that are affected by the production of income information shall be reserved until after the production of such information." And in March 2013, the circuit court entered an order stating that Singel's tax returns and financial records "shall be used to determine whether or not [Singel] owes any additional child support for the period of 2002 to present."

As best we can tell from this reticulated record, the first time any circuit judge decided this arrearage issue was when Circuit Judge Weaver orally granted Singel's motion in limine on the Rule 59/60 issue during the final hearing in June 2020. After the court granted the relief sought in Singel's Rule 59/60 argument, the adverse ruling against Morin precluded her from asserting her claim for the back child support Singel owed from 2002 to 2008 and, as best we can tell, precluded her from admitting testimony or records on the back-support

issue. The court essentially ruled that Morin's motion to recover the alleged child-support arrearage from 2002 to 2008 was barred by the January 2009 order. That was an error.

The back child-support claim was not barred. Once a child-support payment is due, it is vested, and a debt is payable and remains so. Arkansas Code Annotated section 9-14-234(b) and (c) (Repl. 2020) provides:

> (b) Any decree, judgment, or order that contains a provision for the payment of money for the support and care of any child or children through the registry of the court or the Arkansas Child Support Clearinghouse shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money that has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.

> (c)(1) The court may not set aside, alter, or modify any decree, judgment, or order that has accrued unpaid support prior to the filing of the motion.

> (2) However, the court may offset against future support to be paid those amounts accruing during time periods other than reasonable visitation in which the noncustodial parent had physical custody of the child with the knowledge and consent of the custodial parent.

Child-support orders generally remain enforceable as final judgments until modified by a subsequent order, *Shipp v. Shipp*, 94 Ark. App. 351, 230 S.W.3d 305 (2006), though there may be circumstances under which a court (or administrative agency) will decline to permit enforcement. *See, e.g., Off. of Child Support Enf't v. King*, 81 Ark. App. 190, 100 S.W.3d 95 (2003) (laches or equitable estoppel is a defense to the enforcement of child-support judgments).

Under the circumstances presented, any unpaid child support that may have accrued between the November 2002 order and the March 2008 motion to modify the November

10

2002 child-support amount was an enforceable judgment for the reasons we just stated. But the circuit court had not yet adjudicated Morin's claim that Singel failed to pay the amount owed from 2002 through 2008 before the final hearing; and it did not do so during the final hearing because it mistakenly granted Singel's motion in limine as to that issue. Consequently, the circuit court erred by denying Morin's request for unpaid child support accumulating between 2002 and 2008. *See, e.g., King*, 81 Ark. App. 190, 100 S.W.3d 95 (reversing circuit court's finding that a mother's failure to pursue alleged arrearages was barred by res judicata when there was no equitable or legal basis to prevent the collection of past-due child support); *see also Henderson v. Johnston*, 2017 Ark. App. 620, 534 S.W.3d 196 (An agreed order did not bar the mother from seeking child support that had accumulated before the entry of an agreed order.).

* * *

We reverse the circuit court's decision to partially grant Singel's motion in limine, which, in turn, affected Morin's ability to litigate to conclusion the 2002–08 back child-support amount that she has long claimed. The case is remanded, and the circuit court is directed to decide that single issue in a manner consistent with this opinion and Arkansas law. The remainder of the circuit court's findings in its 21 July 2020 order are affirmed.

Reversed and remanded with directions.

KLAPPENBACH and HIXSON, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellant.

11

*Jesse W. Thompson*, for appellee.